Merrimack, ⎱
Dec., 1894. ⎰

## WELCH & a. v. CONCORD RAILROAD.

Railroad proprietors are not liable under G. L., c. 162, s. 8, for the destruction by fire communicated from their locomotives of goods stored in a freight-house; nor as common carriers, after a reasonable opportunity for the removal of the goods.

ASSUMPSIT, to recover the value of a hogshead of molasses, destroyed by a fire caused by the defendants, while in their freight-house at Suncook. Facts found by a referee.

The molasses was brought over the defendants' road, and placed in their freight-house, May 4, 1887. It was destroyed by fire, May 10. Some sugar came with the molasses, and was removed by the plaintiffs on the night of its arrival; also another hogshead of molasses, which was removed sometime before the fire. The plaintiffs did not obtain permission to have the molasses remain in the freight-house, nor did the defendants object to its remaining there, or request its removal. Other goods of the plaintiffs which came by freight had occasionally remained in the freight-house for a longer time than the molasses destroyed, without objection.

*William L. Foster, John B. Hazelton*, and *Sargent & Hollis*, for the plaintiffs.

*Frank S. Streeter* and *Joseph W. Fellows*, for the defendants.

SMITH, J. Whether the plaintiffs seek to recover of the defendants as common carriers, or as warehousemen, or on the statute (G. L., c. 162, s. 8), the form of the action has been misconceived. Case, and not assumpsit, is the appropriate action for such a claim. The trial, however, appears to have been had upon the merits of the case without regard to the form of the action. We assume, although the case does not so state, that the fire was communicated from the defendants' locomotive.

" The proprietors of every railroad shall be liable for all damages which shall accrue to any person or property by fire or steam from any locomotive or other engine on such road. Such proprietors shall have an insurable interest in all property situate on the line of such road, exposed to such damage, and may effect insurance thereon for their own benefit." G. L., c. 162, ss. 8, 9. This statute was manifestly passed in aid of adjoining landowners and of persons having property on adjoining lands. In such cases the liability of the proprietors of the road is made absolute.

No question of care or negligence on their part is left open. *Rowell* v. *Railroad*, 57 N. H. 132. The statute has been understood to be limited to property, real and personal, along the line of a railroad and in the possession and control of the owner, and to have no application to property in the cars and storehouses of the corporation, and in the possession and control of the railroad proprietors as common carriers. Hence the provision in regard to insurance, which would be unnecessary if the statute was intended to apply to property in the possession of the railroad proprietors. Without the statute, a large amount of property along the line of a railroad would be greatly depreciated in value, and sometimes perhaps would be practically valueless in consequence of the hazard of being consumed by fire communicated by locomotives. The increased risk must be borne by the owner, or by the proprietors of the road who create the hazardous condition of affairs by the extraordinary use of fire for generating steam as a motive power; and the legislature has placed it upon the latter. *Hooksett* v. *Railroad*, 38 N. H. 242. The cask of molasses in this case was in the defendants' storehouse, in their possession and under their control. If the freight had not been paid, they had a lien upon it for the carriage. They had a special property in it sufficient to enable them to maintain an action against a wrongdoer. If stolen, the thief could have been indicted for larceny of the property of the defendants. The action cannot be maintained under the provisions of the statute.

The defendants are not liable as common carriers. Their duties as such terminated when the goods reached their destination, after notice to the plaintiffs that they were ready to be delivered, and a reasonable opportunity for examination and removal by them. *Moses* v. *Railroad*, 32 N. H. 523. Some sugar and another cask of molasses came on the same train as the cask in controversy. The sugar was removed on the night of its arrival, the other cask sometime before the fire, and the cask in controversy was placed in the defendants' freight-house on the day of its arrival, six days before the fire. There would seem to be no question, therefore, that the duties of the defendants as common carriers had been terminated before the cask was destroyed.

If there was any liability on the part of the defendants, it was that of a warehouseman, or of a gratuitous depositary; and as the referee has not found that they were negligent in either capacity there must be

*Judgment for the defendants.*

Chase and Wallace, JJ., did not sit: the others concurred.